UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAMELA ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 5474 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST CO., N.A.; SOUNDVIEW HOME LOAN TRUST 2006-EQI; FINANCIAL ASSET SECURITIES CORP.; EQUIFIRST CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS); MERSCORP, INC.; DEUTSCHE BANK NATIONAL TRUST CO., as trustee for REGISTERED HOLDER OF SOUNDVIEW HOME LOAN TRUST 2006-EQI ASSET-BACKED CERTIFICATES, SERIES 2006-EQI; RENEE Y. PARLATO; and JOHN/JANE DOES 1-INFINITY, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

In this quiet title action, originally filed in state court and removed to this court, Pamela Anderson alleges that she is the rightful holder of title to a parcel in Oak Park, Illinois, because the documents purporting to transfer her mortgage note from one defendant to another were false or fraudulent. Doc. 1-1 at 7-17. Defendants have moved to dismiss Anderson's claims under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). Docs. 21, 24, 27. In response, Anderson submitted a one-paragraph opposition citing *Trinsey v. Pagliaro*, 229 F. Supp. 647 (E.D. Pa. 1964), for the proposition that attorneys may not "put evidence into a court without having a signed verified affidavit, from the executive[] officers of the entity they are representing," and saying nothing else of substance. Doc. 32.

Defendant Renee Y. Parlato argues under Rule 12(b)(2) that the court lacks personal jurisdiction over her because she is not an Illinois resident and the complaint does not allege that

1

she has any connection to Illinois. Doc. 23 at 7-9. Although a complaint "need not include facts alleging personal jurisdiction, … once the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Anderson does not respond to Parlato's jurisdictional argument—as just mentioned, Anderson does not respond to much of anything—so Parlato's 12(b)(2) motion is granted and the claims against her are dismissed without prejudice. *See Sikhs for Justice v. Badal*, 736 F.3d 743, 751 (7th Cir. 2013); *Manez v. Bridgestone Firestone N. American Tire, LLC*, 533 F.3d 578, 583-84 (7th Cir. 2008).

The other defendants seek dismissal for lack of standing under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). As for standing, they argue that because Anderson was not a party to the agreements transferring the note, she lacks standing to challenge any alleged deficiencies in the transfer. Doc. 23 at 10-12; Doc. 29 at 10. Anderson does not directly challenge the note's transfer, however; rather, she brings an action for quiet title to property in which she claims legal title. That is sufficient to give her standing to bring this suit. *See Avista Corp. v. Wolfe*, 549 F.3d 1239, 1246 n.6 (9th Cir. 2008) ("Avista's assertion of an ownership interest to the centerline provides it with standing to bring a quiet title and declaratory judgment action."); *Thorntons, Inc. v. Chicago Title Ins. Co.*, 2009 WL 175044, at *3 (C.D. Ill. Jan. 22, 2009) ("a party claiming legal title to property has standing to bring a quiet title action").

On the merits, Defendants argue that because the note confers only the right to collect payment on Anderson's underlying debt, transferring the note did not affect title to her property, meaning that the note's allegedly improper transfer provides no possible grounds for a quiet title action. Doc. 29 at 8. Defendants' argument finds support in the case law and is highly plausible.

2

*See Krile v. Swiney*, 109 N.E.2d 189, 191 (Ill. 1952) ("[A] bill to quiet title applies only to instruments or other proceedings in writing which appear of record and cast doubt on the validity of the record title."); *Stewart v. Am. Homestead Mortg., LLC*, 2014 WL 1334127, at *1 (D. Mont. Apr. 2, 2014) ("The fact that transfers of a promissory note and an associated deed of trust result in different entities holding those interests does not cloud title to the property and does not provide a basis on which to quiet title in the mortgagor."); *Lane v. MERS, Inc.*, 2014 WL 129071, at *2 (M.D. Fla. Jan. 14, 2014) ("[T]he allegations that [the defendant] transferred the note and there is no record of the transfer in public records are not sufficient to bring a quiet title action.").

Anderson's only response is the one noted in this opinion's first paragraph—that attorneys cannot submit evidence without a verified affidavit. That's not what the only case she cites, *Trinsey v. Pagliaro*, *supra*, says, but in any event Defendants' Rule 12(b)(6) motions do not submit "evidence." Rather, they make legal arguments as to the complaint's legal sufficiency, taking all well-pleaded facts as true and properly considering "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

Anderson makes no other defense of her claims in response to the Rule 12(b)(6) motions. This dooms her case. "If [a court is] given plausible reasons for dismissing a complaint, [the court is] not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). Defendants' Rule 12(b)(6) motion, as just noted, submits a plausible ground for dismissal. By making only an irrelevant response, Anderson has forfeited

any substantive argument she might have had against a Rule 12(b)(6) dismissal. *See Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005) ("[w]hile Lekas alleged in his complaint that his segregation was in retaliation for his filing of grievances, he did not present legal arguments or cite relevant authority to substantiate that claim in responding to defendants' motion to dismiss"); *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995) ("when presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action," and "[t]he federal courts will not invent legal arguments for litigants"). It is true that Anderson is *pro se*, but "[e]ven pro se litigants ... must expect to file a legal argument and some supporting authority." *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998). The Rule 12(b)(6) motions accordingly are granted.

To summarize, Anderson's claims against Parlato are dismissed without prejudice under Rule 12(b)(2), while her claims against the other defendants are dismissed with prejudice under Rule 12(b)(6). The Rule 12(b)(6) dismissal is with prejudice because Anderson's opposition does not request an opportunity to file an amended complaint in the event some or all of her claims are dismissed under Rule 12(b)(6), because she effectively abandoned her case by making an entirely inapposite argument in opposition to the Rule 12(b)(6) motions, and because from all appearances any amendment would be futile. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("When a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity, *at least upon request*, to amend the complaint to correct the problem if possible.") (emphasis added); *Tribble v. Evangelides*, 670 F.3d 753, 761 (7th Cir. 2012) ("District courts have broad discretion to deny leave to amend … where the amendment would be futile."); *Estrada v. Reed,* 346 F. App'x 87, 89-90 (7th Cir. 2009) (affirming the district court's denial of "a futile amendment" where the plaintiff could not state a viable claim); *James*

*Cape & Sons Co. v. PCC Constr. Co.*, 453 F.3d 396, 400-01 (7th Cir. 2006) (rejecting the plaintiff's argument that the district court erred in dismissing its complaint with prejudice, rather than without prejudice and with leave to amend, where the plaintiff did not request leave to amend); *Baker v. Chisom*, 501 F.3d 920, 926 (8th Cir. 2007) (affirming the dismissal with prejudice of a claim where the plaintiff "failed to defend that claim or to urge that it be dismissed without prejudice").

December 2, 2014 _____
United States District Judge